UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS M. COOLEY LAW SCHOOL,

        Plaintiff,                Case No. 1:04-CV-221

v.                                        HON. DAVID W. McKEAGUE*

THE AMERICAN BAR ASSOCIATION,
JOHN SEBERT,

        Defendants.
_____/

**MEMORANDUM OPINION AND ORDER
DENYING MOTION FOR STAY**

On June 9, 2005, the Court issued its judgment order affirming, over the common law due process challenge of plaintiff Thomas M. Cooley Law School, decisions by the American Bar Association imposing sanctions on Cooley and declining to act on Cooley's applications for acquiescence in the operation of two satellite campuses. Now before the Court is Cooley's motion for stay pending appeal. Cooley asks the Court to enjoin the ABA from taking certain actions in enforcement of the sanctions decision. The ABA has timely filed its response in opposition to the motion.

There is no dispute as to the governing standard. In evaluating the motion for stay, or injunctive relief, pursuant to Fed. R. Civ. P. 62(c), the Court must weigh four factors: (1) the likelihood that Cooley will prevail on the merits of its appeal; (2) the likelihood that Cooley will be

---

     * Hon. David W. McKeague, United States Circuit Judge for the Sixth Circuit Court of Appeals, sitting by designation.

irreparably harmed absent a stay; (3) the prospect that others will be harmed if the Court grants the stay; and (4) the public interest in granting the stay. *Grutter v. Bollinger*, 247 F.3d 631, 632 (6th Cir. 2001). The Court may, in its discretion, grant an injunction "upon such terms as to bond or otherwise as it considers proper for security of the rights of the adverse party." Fed. R. Civ. P. 62(c).

As to the likelihood of success on the merits, Cooley reiterates arguments which were fully considered and rejected by the Court in its opinion of June 9, 2005. For the reasons set forth in the opinion, the Court remains unpersuaded that Cooley is likely to succeed on appeal.

Cooley contends it will be subject to irreparable harm if the ABA is permitted to enforce its sanction decision. In particular, Cooley is concerned first about the requirement that it publish notice that it has been censured by the ABA. Cooley represents that it has published notice of the censure on its website, but has not otherwise complied with requirements that it also publish the censure in communications with all current and prospective students and faculty and in marketing materials. Compliance with this requirement, Cooley contends, will interfere with its recruitment of qualified students and faculty. Second, Cooley is concerned about the ABA's customary practice of publishing notice of the censure to chief justices of state supreme courts and to law school deans. Cooley argues that such communications are likely to engender confusion about Cooley's ABA accreditation and may interfere with the ability of Cooley graduates to gain admission to the bars of other states.

Neither party has identified the precise nature and contents of the communications which are expected to emanate from either source as a result of the sanction decision. The Court is thus asked

2

to speculate about the likelihood that such communications, whether accurate or not, will cause confusion or unfairly interfere with recruitment efforts.  This, the Court will not do. The Court is unwilling to assume, on the present record, that truthful, accurate notice of the censure is likely to result in legally cognizable harm, *i.e.*, irreparable harm that is "both certain and immediate, rather than speculative or theoretical."  *See Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991).  Cooley has made only a weak showing as to the substantiality and likelihood of irreparable harm.

As to the third and fourth factors, concerning the impact of an injunction on the interests of others and the public, Cooley offers no argument.  The ABA, on the other hand, persuasively argues that enjoining enforcement of the sanction decision during the pendency of the appeal would practically nullify the censure, thereby eviscerating the exercise of its regulatory power which the Court has already upheld as proper.  Further, the ABA insists that enjoining its publication of the censure to others would be an unjustified restraint of speech, implicating important First Amendment liberties.  Finally, the ABA contends the requested injunctive relief would interfere with the public interest in receiving accurate information about an accredited law school's compliance with ABA Standards and Rules.  All of the concerns raised by the ABA are legitimate and not insignificant.  Yet, Cooley has no answer.  Cooley has not offered to post bond and has not otherwise made any proposal for safeguarding others' interests in the event the requested injunctive relief should be granted.

The Court has thus considered all four factors that are relevant to issuance of a stay or injunction pending appeal.  None of them weighs in favor of granting Cooley's motion.  Cooley has

failed to carry its burden. The motion for stay pending appeal must therefore be and is hereby

**DENIED.**

    **IT IS SO ORDERED.**


Dated: July  11 , 2005                          /s/ David W. McKeague
                                                                HON. DAVID W. McKEAGUE
                                                                UNITED STATES CIRCUIT JUDGE